## The Joseph & Feiss Company, Petitioner, v. Commissioner of Internal Revenue, Respondent.

Docket No. 46465.   Promulgated August 17, 1932.

*A. E. James, Esq.*, for the petitioner.
*J. M. Leinenkugel, Esq.*, for the respondent.

**OPINION.**

TRAMMELL: For the year 1925, prior to affiliation, the petitioner sustained a net loss in the amount of $232,365.48. On May 5, 1926, the petitioner purchased all the capital stock of the Kibler Company and the two corporations thereafter were affiliated through the taxable year 1927.

Under the provisions of section 206(b) of the Revenue Act of 1926, as amended by section 117(e) of the Revenue Act of 1928, the amount of the petitioner's 1925 net loss is allowable as a deduction in computing its net income "for the succeeding taxable year" and in the event such net loss is in excess of such net income, computed without such deduction, the amount of such excess is allowable as a deduction in computing its net income "for the next succeeding taxable year." However, the amount of the petitioner's 1925 net loss is not allowable as a deduction in computing net income of the affiliated group in the succeeding and next succeeding taxable years, except only to the extent that the petitioner individually had income in such years from which such net loss might be deducted. *Woolford Realty Co.* v. *Rose*, 286 U. S. 319.

Thus far the parties are in agreement, but controversy arises in respect of what periods of time constituted the "succeeding taxable year" and the "next succeeding taxable year" within the meaning of the statute. The respondent determined that the period from January 1 to May 4, 1926, or that part of the calendar year 1926 prior to affiliation, constituted the petitioner's "succeeding taxable year," and that the period May 5 to December 31, 1926, constituted the "next succeeding taxable year," and applied the petitioner's 1925 net loss against its income for said periods accordingly. The petitioner contends, on the other hand, that since it reported its income on the calendar year basis, the calendar year 1926 was its "succeeding taxable year," and that the calendar year 1927 was its "next succeeding taxable year," within the meaning of the net loss provisions of the statute.

In support of his position, the respondent relies upon the provisions of section 200 of the Revenue Act of 1926, defining the term "taxable year," and our decision in *Summerfield Co.*, 24 B. T. A. 829 (Nov. 18, 1931).

In the cited case, the Summerfield Company and the Taylor Furniture Company became affiliated on March 21, 1925, and in our opinion we said "the period from January 1 to March 20, 1925,   *   *   *   is one 'taxable year' and the period from March 21 to December 31, 1925, is another 'taxable year.'" However, that case was reconsidered by us subsequent to *Woolford Realty Co.* v. *Rose, supra*, and on authority of that decision our former determination of November 18, 1931, was reversed in an opinion promulgated June 15, 1932, at 26 B. T. A. 440. For that reason, the case cited by the respondent is not authority for decision of the question in the instant case.

Also, after reversal of our first determination in the *Summerfield* case, there was no income in the subsequent years against which the petitioner's prior net loss could be applied. Hence, the question of

what periods of time constituted the two subsequent " taxable years " became purely academic, not necessary to be decided there, and what was said in our opinion on that point is *obiter dictum.*

We may further note in passing that the *Summerfield* case is distinguishable on the facts from the present proceeding in two vital points, namely, (a) in that case separate returns were filed for that part of the calendar year prior to affiliation and a consolidated return filed for that part of the calendar year subsequent to affiliation, and (b) the taxable income was computed upon such basis. In the present proceeding a single consolidated return was filed for the entire calendar year 1926, in which were included the incomes of both the petitioner and its subsidiary and upon that basis taxable income was computed. The significance of these facts will be discussed in connection with the provisions of the applicable statutes hereinbelow.

The Revenue Act of 1926 contains the following pertinent provisions:

SEC. 200. (a) The term " taxable year " means the calendar year, or the fiscal year ending during such calendar year, upon the basis of which the net income is computed under section 212 or 232. * * * The term " taxable year " includes, in the case of a return made for a fractional part of a year under the provisions of this title or under regulations prescribed by the Commissioner with the approval of the Secretary, the period for which such return is made.

SEC. 226. (a) If a taxpayer, with the approval of the Commissioner, changes the basis of computing net income from fiscal year to calendar year a separate return shall be made for the period between the close of the last fiscal year for which return was made and the following December 31. If the change is from calendar year to fiscal year, a separate return shall be made for the period between the close of the last calendar year for which return was made and the date designated as the close of the fiscal year. * * *

SEC. 239. (a) Every corporation subject to taxation under this title shall make a return, stating specifically the items of its gross income and the deductions and credits allowed by this title. * * *

(b) Returns made under this section shall be subject to the provisions of section 226. * * *

SEC. 240. (a) Corporations which are affiliated within the meaning of this section may, for any taxable year, make separate returns or, under regulations prescribed by the Commissioner with the approval of the Secretary, make a consolidated return of net income for the purpose of this title, in which case the taxes thereunder shall be computed and determined upon the basis of such return. * * *

The Commissioner's Regulations 69, under the Revenue Act of 1926, provides in pertinent part as follows:

ART. 634. Change in ownership during taxable year.— * * * (b) where corporations are not affiliated at the beginning of the taxable year but through change of stock ownership during the year become affiliated, a full disclosure of the circumstances of such changes of stock ownership shall be submitted to the Commissioner.

Ordinarily in such cases, where only two corporations are involved * * * under the conditions described in (*b*) above, each corporation should file a separate return from the beginning of the taxable period to the date of change in stock ownership, and a consolidated return should be filed by the parent or principal corporation from the date of change of stock ownership to the end of the taxable year, including therein the income of the subsidiary or subordinate corporation for such period.

Where there are more than two corporations affiliated at the beginning of the taxable year, and due to a change in stock ownership the affiliated status of one or more is terminated, there remain at least two corporations affiliated during the entire year, the parent or principal corporation should file a consolidated return for the entire year, excluding from its return the income of the corporations whose affiliated status is terminated from the date of the change in stock ownership; or where two or more corporations are affiliated at the beginning of the taxable year, and through change in stock ownership additional corporations become affiliated, the parent or principal corporation should file a consolidated return and include the income of such corporations from the date of change of stock ownership. * * * In any case in which the change of affiliated status is for a period so short as to be negligible, a consolidated return or separate returns for the entire period, as the case may be, may be filed; in such cases, however, there should accompany the return a complete statement setting forth the changes in the affiliated status occurring during the taxable year.

The foregoing statutes, in section 240, provide that affiliated corporations may make either separate returns or a consolidated return, requiring in each case that the taxes thereunder shall be computed and determined upon the basis of such return. Section 239 re-quires every corporation to make a return, stating specifically the items of its gross income and allowable deductions and credits, subject to the provisions of section 226, which last section provides that if a taxpayer changes the basis of computing net income from fiscal year to calendar year, or vice versa, separate returns shall be made for the fractional part of the fiscal or calendar year, as the case may be.

These provisions clearly indicate an intent to require in all cases that returns be made upon the basis of which the net income is computed, and that net income shall be computed upon the basis of the proper return. There is no mandatory provision in the statute respecting the particular kind of return to be made by the members of an affiliated group of corporations as distinguished from individual corporations. They may make separate returns, or they may make a consolidated return. The specific requirement of the statute goes no further, except where the annual basis of computing net income is changed. Also, the Commissioner's regulation does not lay down any hard and fast rule as to the kind of return or returns to be filed where a change in ownership of corporate stock during the taxable year results in the affiliation of two corporations, as in the instant case. Article 634, *supra*, requires only that a full

disclosure of the circumstances " shall be submitted to the Commissioner," and further provides that " ordinarily in such cases " separate returns *should be filed* for the fractional part of the taxable period prior to affiliation, and that a consolidated return *should be filed* for the period subsequent to affiliation. But the same regulation permits a different procedure where there are more than two corporations affiliated at the beginning of the taxable year and the affiliated status of one or more is terminated during the year so that at least two corporations remain affiliated during the entire year. In that situation the parent corporation may file a consolidated return for the entire year, excluding from such return the income of the corporations whose affiliated status is terminated from the date of such change. A similar rule is prescribed where two or more corporations are affiliated at the beginning of the year and additional corporations join the affiliated group during the year. And it is further provided substantially that where the change in affiliated status produces a negligible result, either a consolidated return or separate returns for the entire period may be filed.

In the case at bar, a consolidated return was filed for the calendar year 1926, in which return the petitioner reported its net income for such calendar year in the amount of $63,469.86, together with the net income of the subsidiary for the period February 1 to December 31, 1926, in the amount of $1,816.53. For the year 1927 a consolidated return was filed, showing net income for the petitioner in the amount of $87,229.11 and a net loss of the subsidiary in the amount of $22,725.54, all without deduction of any part of the petitioner's 1925 net loss.

Those returns were accepted by both parties as the basis for computing taxable net income and for determining tax liability. The amounts of the net income shown therein have been stipulated by the parties to be correct, and the latter return furnishes the basis upon which the respondent computed the deficiency in controversy. Thus, the returns meet the requirements of the statute, and neither the statute nor the Commissioner's regulations contain any mandatory provision for the filing of any other or different return. The tax liability of the affiliated corporations for 1926 was not affected by their consolidation. The tax liability of each would have been exactly the same if affiliation had not occurred. The result of affiliation, then, on the tax liability for 1926 was certainly negligible, and under the Commissioner's regulation, above quoted, either separate returns or a consolidated return might properly have been filed. The petitioner elected to file a consolidated return.

All items of gross income and allowable deductions and credits of the affiliated corporations were reported in said returns upon the

basis of a taxable year consisting of the calendar year, and a different taxable year can not, therefore, under the statute be used as the basis only for the allowance of the deduction of the petitioner's 1925 net loss. The deduction of the excess of such net loss over the petitioner's net income for 1926 should be allowed from the petitioner's net income for the taxable year 1927. We know of no legal reason why deductions for net losses should be computed and applied on the basis of a taxable year or period different from that used in respect of all other authorized deductions.

The respondent lays stress upon the provisions of section 200 of the 1926 Act, *supra*, that " The term ' taxable year ' includes, *in the case of a return made for a fractional part of a year* * * * the period for which such return was made." But in the instant case there was no return *made* for a fractional part of the year 1926, nor was such a return required to be made by law or regulation, as we have pointed out above. The petitioner did not change its accounting period as provided in section 226 so as to create separate fractional years and section 200 does not define the period before affiliation as a fractional part of a year unless a return is *made* for such period. As said in *American La Dentelle*, 1 B. T. A. 575, in respect of the filing of consolidated returns under section 240 of the Revenue Act of 1918, " until the conditions underlying the application of the special provisions of this section exist, the section can not be operative."

In 1927 the petitioner had net income of $87,229.11 and its subsidiary had a net loss of $22,725.54. The excess of the petitioner's 1925 net loss over its net income for 1926 exceeded its net income for 1927. Hence, neither the petitioner nor its affiliate had any taxable income in 1927, and there is no deficiency in tax.

*Judgment will be entered for the petitioner.*